**UNITED STATES of America, Appellee,**

v.

**John DOE, Defendant–Appellant.**

**No. 1043, Docket No. 92–1196.**

United States Court of Appeals,
Second Circuit.

Argued April 6, 1992.

Decided May 18, 1992.

Richard A. Reeve, Asst. Federal Public Defender, New Haven, Conn., for defendant-appellant.

Deborah R. Slater, Asst. U.S. Atty., Hartford, Conn. (Albert S. Dabrowski, U.S. Atty., Peter D. Markle, Asst. U.S. Atty., New Haven, Conn., of counsel), for appellee.

Before: LUMBARD, NEWMAN and WINTER, Circuit Judges.

WINTER, Circuit Judge:

John Doe appeals from a sentence imposed on him after pleading guilty to a narcotics charge. He raises a number of claims, only one of which presents a significant issue: namely, whether the circumstances of his sentencing violated his right, guaranteed by the Fifth Amendment and Fed.R.Crim.P. 43, to be present at every stage of the proceedings. Because appellant waived his right to be present at a chambers sentencing conference, we affirm.

Appellant had provided the government with substantial cooperation before sentencing, and the government moved under seal for a downward departure based on his cooperation. At the time of sentencing, appellant feared for his safety should the nature and extent of his cooperation become known. A few days before sentencing, appellant's counsel requested a chambers conference to discuss appellant's cooperation with the government so there would be no public discussion of that subject. The conference was held immediately prior to the sentencing. Appellant did not attend the conference, although we may infer from remarks of counsel concerning appellant's state of mind that he was in the courtroom during the conference. The district court specifically asked whether the discussion should be on the record in the courtroom. Defense counsel answered in the negative, noting that there were unidentified observers in the courtroom as well as one of appellant's relatives who had objected to his cooperating with the government. Following the chambers conference, a sentencing hearing was held in open court, during which appellant's cooperation was not mentioned.

Appellant's only claim on appeal worthy of discussion is that the chambers conference violated his right to be present at all stages of the proceedings against him. A criminal defendant has a "due process right to be present at a proceeding 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge....'" *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)). "The right to be present at all stages of one's trial constitutes a foundational principle underpinning the entire law of criminal procedure." *United States v. Fontanez*, 878 F.2d 33, 35 (2d Cir.1989). Moreover, Fed.R.Crim.P. 43(a) states that "[t]he defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial includ-

ing the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule."

The chambers conference was certainly a significant part of the proceedings against appellant. It included a discussion of his cooperation with the government, his role in the offense, the proper period of supervised release, his future designation within the Bureau of Prisons, the issue of his voluntary surrender, and the question of his immediate prison placement.

Although the right to be present at such a significant proceeding is fundamental, the unique circumstances here justified the chambers conference in appellant's absence. Appellant's counsel requested the chambers conference for the explicit purpose of protecting appellant from the public disclosure of the nature and extent of his cooperation. At the beginning of that conference, the district judge suggested that it be in open court, and appellant's counsel objected. We believe that the district judge's tacit understanding was that appellant's continued presence in the courtroom during the chambers conference helped to conceal the fact of a meeting at which his cooperation was being discussed. Had appellant been taken from the courtroom for some unstated purpose and returned later for sentencing, inferences dangerous to him might have been drawn.

We have previously held that a waiver by counsel of a defendant's right to be present during the proceedings is valid when made in the presence of the defendant. *See Polizzi v. United States*, 926 F.2d 1311, 1322–23 (2d Cir.1991). In the instant matter, appellant was not present when his counsel objected to the district judge's offer to hold the proceeding in the courtroom. However, appellant does not contest the need for a chambers conference, and because exigencies of the moment related to his safety prevented his attendance, we believe that counsel's waiver on appellant's behalf was effective.

Moreover, there was no prejudice to appellant. With the exception of the details of his cooperation, the substance of every matter addressed in chambers was either repeated in open court immediately thereafter or contained in prior written submissions to the court. Appellant does not claim that he would have added anything to the discussion or that he was otherwise prejudiced. *United States v. Toliver*, 541 F.2d 958, 964–65 (2d Cir.1976).

Because appellant's other contentions are of no merit, we affirm.