10-2993-cr
United States v. Mims

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    **Chief Judge,**
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
                    **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        **Appellee,**

        **-v.-**                                        **10-2993-cr**

TROY MOODY, KISASI GREEN,
        **Defendants,**

TYLON MIMS,
        **Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Lawrence D. Gerzog, Law Offices
                        of Lawrence D. Gerzog, New York,
                        NY.

1

**FOR APPELLEE:**                    David E. Novick, Robert M.
                                    Spector, *for* David B. Fein,
                                    United States Attorney for the
                                    District of Connecticut,
                                    Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Tylon Mims appeals from a judgment of conviction entered on July 15, 2010 by the United States District Court for the District of Connecticut (Arterton, <u>J.</u>) for bank fraud in violation of 18 U.S.C. § 1344(1).  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Mims alleges violations of his Fifth Amendment right and his right under Federal Rule of Criminal Procedure 43 to be present at his sentencing when his lawyer requested and was heard at a sidebar while Mims sat at counsel table.  By sitting silently in court while his attorney sought and obtained a brief sidebar, Mims effectively waived his right to be present.  See <u>United States v. Doe</u>, 964 F.2d 157, 159 (2d Cir. 1992); <u>see also</u> <u>Polizzi v. United States</u>, 926 F.2d 1311, 1322-23 (2d Cir. 1991).

Mims argues that the district court failed to adequately resolve Mims's request for a downward departure. A district court commits procedural error where it fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the factors enumerated at 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence, including explaining any deviations from the Guidelines. See <u>United States v. Cavera</u>, 550 F.3d 180, 189-90 (2d Cir. 2008) (<u>en banc</u>).  The transcript reflects that the court fully articulated the bases for its sentence, including its consideration of Mims's argument for a downward departure. In any event, Mims made no objection to the court's resolution of his motion for a downward departure, so we review only for plain error.  See <u>United States v.</u>

2

Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007).  Finding none, we affirm.

Finding no merit in Mims's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK