15-243-cv
Morales v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of May two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

---

JORGE LUIS MORALES,

                    *Petitioner-Appellant*,

             v.                                                15-243-cv

UNITED STATES OF AMERICA,

                    *Respondent-Appellee*.

---

Appearing for Appellant:      Scott A. Chesin (Rory K. Schneider, Michael Rayfield, *on the brief*), Mayer Brown LLP, New York, NY.

Appearing for Appellee:       Harold H. Chen, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney of the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **REVERSED** and the case is **REMANDED** for resentencing.

Petitioner-Appellant Jorge Luis Morales appeals from the December 29, 2014 memorandum and order of the United States District Court for the District of Connecticut (Shea, *J.*), denying his motion for habeas relief, specifically for a new sentencing proceeding to be conducted, pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On January 7, 2008, pursuant to a plea agreement, Morales pleaded guilty to one count of conspiracy to possess with intent to distribute 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Morales's applicable Guidelines range was 30 years to life, and he faced a 10-year mandatory minimum. However, the district court (Nevas, *J.*) erroneously determined that the mandatory minimum was 20 years, based on a defective second offender information filed by the government under 21 U.S.C. § 851.

The district court held a sentencing hearing on December 17, 2008. But a scheduling dispute arose between the parties. The government now sought a potential obstruction-of-justice enhancement to Morales's sentence on the basis of Morales's alleged role in orchestrating a jailhouse assault on a cooperating witness. Defense counsel, Richard Marquette, requested a continuance, explaining that he needed additional time to prepare for cross-examination of this new witness. The government requested that the district court hold the full hearing that day to spare the witness additional traveling and the Marshals additional effort in transporting the witness out of state.

Following the government's and Marquette's arguments, the district judge assigned to the case, Judge Nevas, called a recess and convened the prosecutor, Marquette, and the probation officer in the robing room. Morales was not present, nor was a court reporter.[1] The participants in the *in camera* meeting focused on scheduling "the upcoming expected testimony" of the witness and "the obstruction issue." App'x at 461, 463; *see* App'x at 451. As Marquette later testified, they went into the meeting "clearly" for the purpose of discussing scheduling the witness's testimony. App'x at 463.

The parties all agree now that, at the end of the meeting, Judge Nevas offered to impose a 25-year sentence—apparently the midway point between the improperly calculated mandatory minimum of 20 years and the bottom of the 30-years-to-life Guidelines range. As Marquette recalled, Judge Nevas said "25 today only." App'x at 462; *see* App'x at 592, 602. Upon leaving the robing room, Marquette communicated the offer to Morales. Morales conferred with his family and indicated that he would not accept the proposal.

---

[1] The following facts regarding the *in camera* meeting are drawn from the 2255 court's findings of fact and the testimony from an evidentiary hearing that court held on October 1, 2014. *See* App'x at 600-02.

Judge Nevas returned to the bench and asked Marquette whether he had considered with Morales the "off-the-record discussion" that had transpired minutes earlier in the robing room. App'x at 99-100. Marquette indicated that they had considered the matter, and he communicated Morales's rejection. Judge Nevas then specified that they would "go through the normal canvass." App'x at 101. Marquette did not object to Judge Nevas's conduct or make a contemporaneous record of what had happened.

Judge Nevas moved on to other matters, but when Morales was provided an opportunity to speak, he raised the issue of the *in camera* meeting to the court. Morales indicated that Marquette had "told [him] about what was said at the side-bar," and he asked the court about potential downward departures. App'x at 102. Finally, Morales expressed, "I don't know what's going on right now." App'x at 102. Judge Nevas responded, "Whatever we discussed off the record is no longer applicable. This will be a straight out sentencing." App'x at 102.

Judge Nevas then moved the proceeding along. The government undertook a direct examination of the cooperating witness in an effort to secure an obstruction-of-justice enhancement. Judge Nevas then granted Marquette's request for a continuance to prepare for cross-examination of the cooperating witness, and the court declined to make any findings at that time "with respect to the guidelines." App'x at 105-06; *see also* App'x at 109-10.

The sentencing proceeding resumed on January 14, 2009.[2] There, Marquette cross-examined the government's cooperating witness. Ultimately, Judge Nevas found the witness to be credible, but declined to impose the obstruction-of-justice enhancement, reasoning that it had not "been established to the degree that [he] could make a finding and feel comfortable about it." App'x at 158. Following oral arguments from the government (requesting a 30-year sentence) and Marquette (requesting a 20-year sentence), Judge Nevas sentenced Morales to 28 years' imprisonment, three years higher than the sentence he had proposed during the *in camera* meeting in December.

Marquette also represented Morales on his direct appeal. Marquette raised two arguments in the appeal: (1) that Morales's sentence was grossly disproportionate to those of his codefendants, who were involved in the conspiracy for a much longer period of time than was Morales, and (2) that Morales's sentence did not adequately take account of his difficult past. As Marquette acknowledged in a later submission to this Court, these arguments "only barely exceeded the threshold for an *Anders* brief." App'x at 596. At the insistence of Morales, Marquette raised two other challenges on appeal: (1) that the § 851 enhancement was improper, and that (2) Judge Nevas failed to make an adequate foreseeability finding with respect to the drug quantity attributable to him. Marquette did not argue on appeal that the offer of sentence by Judge Nevas was improper or that it violated Morales's Fifth or Sixth Amendment rights because

---

[2] At this sentencing hearing, the district court began by considering a motion that Morales filed, *pro se*, following the December hearing, requesting that he be appointed new counsel "due to the breakdown in communication with" Marquette. Dist. Ct. Case No. 06-CR-272, Dkt. No. 843, at 1. At the January hearing, Morales expressed concern regarding, among other things, Marquette's handling of the *in camera* conference. But that concern was not further discussed, the colloquy took a different direction, and the motion was ultimately denied.

it was made in Morales's absence. Our Court affirmed, holding that although the second offender information was deficient and the mandatory minimum was actually 10 years, not 20, this error was harmless because Morales's Guidelines range nonetheless was 30 years to life, and Judge Nevas sentenced Morales to a term of 28 years, significantly above the erroneously calculated mandatory minimum.

Morales subsequently filed this habeas petition, requesting to be resentenced. The petition was assigned to Judge Shea. In his habeas petition, Morales argued that the offer of sentence violated his Fifth and Sixth Amendment rights. The district court did not reach the merits of these claims, holding instead that they were procedurally defaulted. We disagree. The district court's conduct violated Morales's Fifth Amendment right to be present at all critical stages of his criminal proceeding, and the procedural default is excused by ineffective assistance of appellate counsel. Given our finding that Morales's Fifth Amendment rights were violated, we need not reach Morales's Sixth Amendment claim or his independent ineffective assistance of counsel claims.

Judge Nevas's offer of sentence outside of Morales's presence violated Morales's Fifth Amendment due process rights, which guarantee the defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). The offer of sentence here by the presiding judge was a critical part of the proceedings against Morales. *See United States v. Doe*, 964 F.2d 157, 159 (2d Cir. 1992). We reject the government's argument that Morales's presence would not have contributed to the fairness of the procedure, as it was apparent from the record that Morales did not understand Judge Nevas's offer, and he might have had he been present. Finally, although it is true that "where a defendant does not assert his right to be present at a proceeding, any objections to his exclusion are waived, even if the defendant does not know about the proceeding until after it has taken place," and that constitutional wavier "can be implied from the defendant's conduct," *Grayton v. Ercole*, 691 F.3d 165, 176-77 (2d Cir. 2012), we do not imply waiver from Morales's conduct here, in particular because of his contemporaneous expression on the record of confusion about what was taking place and his request that he be appointed new counsel because of Marquette's handling of the *in camera* conference.

Having found that Morales's Fifth Amendment rights were violated, we turn to the government's argument that Morales defaulted the claim by failing to raise it on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Cox v. United States*, 783 F.3d 145, 150 (2d Cir.), *cert. denied*, 135 S. Ct. 2907 (2015). "We review *de novo* the question whether procedural default of a claim raised for the first time on collateral review may be excused." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

Ineffective assistance of appellate counsel can constitute cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *United States v. Withers*, 638 F.3d 1055, 1065 (9th Cir. 2011); *Hall v. Vasbinder*, 563 F.3d 222, 236-37 (6th Cir. 2009). Counsel's failure to raise a claim on appeal constitutes "constitutionally inadequate

performance" where "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994); *see also Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998). Here, counsel's failure to raise Morales's significant and obvious Fifth Amendment claim—while instead advancing weaker arguments—constituted inadequate performance.

Nor can we say that Morales was not prejudiced by his counsel's objectively unreasonable performance—even assuming, without deciding, that Morales's Fifth Amendment claim would be reviewed for plain error. Despite the factual finding that Morales rejected the proposed sentence after Marquette communicated it, the record reflects that Morales expressed confusion about the exact terms of the "offer" when offered an opportunity to be heard later during the hearing. And he raised this grievance again in connection with his motion for new counsel. Further, had this Court had the opportunity to consider this claim in conjunction with the claim that the district court erroneously applied a 20-year mandatory minimum, rather than the 10-year mandatory minimum, there is a substantial probability that the original panel would have remanded for resentencing.

Because we find that a resentencing is required based on Morales's Fifth Amendment claim, we need not reach his ineffective-assistance-of-trial-counsel claims or any additional arguments. Accordingly, the order of the district court hereby is REVERSED. We REMAND for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk