# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30576
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUINETTA GRANT,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:16-CR-172-1

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Quinetta Grant pleaded guilty to a single count of mail fraud, and her advisory guidelines range of imprisonment was calculated at 168 to 210 months. Before her sentencing hearing, Grant filed written objections to several enhancements that were applied to her base offense level as being factually inaccurate, and the Government filed a motion for a reduced sentence under U.S.S.G. § 5K1.1. At a presentencing chambers conference, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30576

court discussed the issues raised in both filings with Grant's attorney and the attorney for the Government.  The record indicates that the court granted the Government's motion and overruled Grant's objections based on discussions in the chambers conference.  The district court sentenced Grant to 96 months of imprisonment and three years of supervised release and ordered her to pay $300,112.80 in restitution and a $100 special assessment.

Grant argues that by holding the presentencing conference without her presence, the district court violated her right to be present for a critical stage of her sentencing.  As Grant acknowledges, she did not object on this ground in the district court, and we review for plain error.  *United States v. Thomas*, 724 F.3d 632, 641-42 (5th Cir. 2013).  Therefore, before we decide whether to exercise our discretion to correct an error, Grant must first demonstrate an error that is "clear or obvious" and that affected her "substantial rights." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).

Although Grant admits that she raises an issue of first impression in this circuit, she argues that her right to be present at the chambers conference is confirmed by *United States v. Doe*, 964 F.2d 157 (2d Cir. 1992), and *United States v. Spears*, 197 F.3d 465 (10th Cir. 1999).  The Government points to contrary authority finding no violation.  *See United States v. Thomas*, 815 F.3d 344, 345-47 (7th Cir. 2016).

Given the foregoing, we cannot say that any error was clear or obvious. *United States v. McRae*, 702 F.3d 806, 833 (5th Cir. 2012); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).  Moreover, Grant's conclusory assertion that her presence would have made a difference is insufficient to show that her substantial rights were affected by her not being present at the presentencing conference.  *See Rosales-Mireles*, 138 S. Ct. at 1904-05.

AFFIRMED.

2

No. 18-30576

HAYNES, Circuit Judge, concurring:

I concur in the judgment of the court. I write separately only to note that I conclude that the district court did err in excluding Grant from the pre-sentence conference in this case. However, I agree that such error was not plain.